

RECEIVED

SEP - 9 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

BY: _____

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

---

MOORE FAMILY RESOURCES,
L.L.C., ET AL.

                           CIVIL ACTION NO. 12-2159

versus                             JUDGE TOM STAGG

QEP ENERGY COMPANY

---

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by two of the plaintiffs and counterdefendants, Robert H. Moore and Betty S. Moore (hereinafter collectively referred to as "the Moores"), pursuant to Federal Rule of Civil Procedure 12(b)(6). See Record Document 10. For the reasons set forth below, the Moores' motion is **GRANTED**.

## I. BACKGROUND

This case arises from a convoluted dispute over a payment admittedly made in error by defendant QEP Energy Company ("QEP") to the Moores in 2012. In 2006, the Moores entered into an Oil, Gas, and Mineral lease with Petro-Chem Operating Company, covering approximately 433 acres owned by the Moores in Bienville Parish, Louisiana ("the Moore Lease"). Petro-Chem Operating Company

subsequently transferred its interest in the Moore Lease to QEP.

In April 2011, the Moores transferred their interests in the property, including their rights and obligations in the Moore Lease, to Moore Family Resources, L.L.C. In August 2011, Moore Family Resources, L.L.C. notified QEP of the transfer and instructed QEP to begin paying royalties and all other payments due under the Moore Lease to Moore Family Resources, L.L.C. Shortly after receipt of the notice, QEP began paying royalties to Moore Family Resources, L.L.C. in accordance with its instructions. However, on January 26, 2012, QEP mistakenly sent a royalty check for $330,673.37 to the Moores. Despite QEP's demand, the Moores refused to return the funds and deposited the check into the personal bank account. In response, QEP began withholding royalties owed to Moore Family Resources, L.L.C.

On July 31, 2012, the Moores and Moore Family Resources, L.L.C. filed suit in state court against QEP claiming, inter alia, that QEP breached the Moore Lease by withholding royalties. QEP subsequently removed the case to this court and filed an answer in which it asserted several counterclaims against the Moores, including an allegation of fraud and a demand for attorneys' fees. See Record Document 7 at 11-13. Thereafter, the Moores filed this motion to dismiss QEP's claims of fraud and for attorneys' fees for failure to state a claim upon which relief can be granted. See Record Document 10. QEP opposed the motion and the Moores replied. See Record

2

Documents 13 and 14.

## II. LAW AND ANALYSIS

A.      **Rule 12(b)(6) Standard.**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss for failure to state a claim, a district court is limited to the contents of the pleading and its attachments. See Fed. R. Civ. P. 12(b)(6); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1973 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1940 (2009). The court must accept all of the plaintiffs' allegations as true. See Twombly, 550 U.S. at 550, 127 S.Ct. at 1962. However, the plaintiffs' pleading must contain more than a "formulaic recitation of the elements of a cause of action." Id. at 555, 127 S.Ct. at 1965. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. On the other hand, "[w]hen there

3

are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679, 129 S.Ct. at 1950.

In addition to the plausibility standard, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances" constituting the fraud. Fed. R. Civ. P. 9(b). The Fifth Circuit interprets this rule to require "a [party] pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d

552, 564-55 (5th Cir. 2002)(internal citations omitted).

**B.    Fraud Claim.**[1]

To state a claim of fraud under Louisiana contract law, QEP must allege a misrepresentation or suppression of the truth made with the intent either to obtain an unjust advantage for one party or to cause loss or inconvenience to the other.[2] See La.

---

[1]    This diversity case is governed by Louisiana substantive law. See Erie R. Co. v. Tompkins, 304 U.S. 64, 585 S.Ct. 817 (1938); Holt v. State Farm Fire & Cas. Co., 627 F.3d 188, 191 (5th Cir. 2010).

[2] QEP does not specify whether their fraud claim is founded on contract or tort law. The elements for the tort of fraud are slightly different from contractual fraud, requiring the plaintiff to show a misrepresentation of a material fact, made

4

Civ. Code art. 1953.  The Moores seek dismissal of QEP's fraud claim on the ground that the complaint lacks particular allegations regarding any misrepresentation or suppression of the truth by the Moores.

The essence of the QEP's fraud claim is:

> The Moores . . . committed fraud in depositing money to which they knew they were not entitled, since they assert that at the time they received the payment they were no longer parties to the Moore Lease .
> . . .

See Record Document 7 at ¶ H.  Notably, there is no allegation that the Moores misrepresented or suppressed the truth in order to obtain the royalty check.  To the contrary, QEP concedes that it issued the check due to its own, internal accounting error.  See Record Document 7 at ¶ B.  Accepting all of QEP's facts as true, the Moores' act of depositing funds not owed to them is plainly not a misrepresentation or suppression of the truth.  Therefore, QEP's fraud claim is dismissed because it has not stated a claim upon which relief can be granted.[3]

––––––––––––––––––

with the intent to deceive, and causing justifiable reliance with resulting injury. See Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619, 626-27 (5th Cir. 1999). Regardless of the theory of fraud asserted by QEP, the court reaches the same result because QEP did not allege any misrepresentation on the part of the Moores.

[3] QEP argued that, if this court found QEP failed to state a claim, QEP should be granted leave to amend.  QEP points out that a court may allow a party claiming fraud an additional opportunity to plead with particularity.  See e.g. Hart v. Bayer Corp., 199 F.3d 239, 247, n. 6 (5th Cir. 2000).  However, leave of court is

**C.   Attorneys' Fees.**

QEP's counterclaim also seeks to recover attorneys' fees from the Moores. The

Moores' motion to dismiss argues that QEP does not state a claim for relief because

Louisiana law does not permit recovery of attorneys' fees absent a statute or contract

authorizing fees and QEP's pleading do not reference such a statute or contract

provision. QEP abandoned its demand for attorneys' fees in its opposition brief. See

Record Document 13 at n. 1. Therefore, this claim will also be dismissed.

### III.  CONCLUSION

For the reasons stated above, the Moores' motion to dismiss (Record Document

10) is **GRANTED.** QEP's counterclaim of fraud and demand for attorneys' fees are

**DISMISSED WITH PREJUDICE**.

An order consistent with the terms of this Memorandum Ruling shall issue

herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the _9th_ day of

September, 2013.

_____
JUDGE TOM STAGG

---

unnecessary if the defect in the pleading is "simply incurable." See id. QEP did
not identify additional facts it could plead which would cure the defect with its
counterclaim. Since the court finds the defect incurable, it will not grant QEP
leave to amend.

6